ALICE Y. ABROKWA*
LEECIA WELCH (CA Bar No. 208741)
National Center for Youth Law
405 14th Street, 15th Floor
Oakland, CA 94612, and
1313 L Street, NW, Suite 130
Washington, DC 20005
Ph: (510) 835-8098
Fax: (510) 835-8099
Emails: lwelch@youthlaw.org,
aabrokwa@youthlaw.org

JENNIFER A. REISCH (CA Bar No. 223671)
Equal Rights Advocates
1170 Market Street, Suite 700
San Francisco, CA 94102
Ph: (415) 621-0672
Fax: (415) 621-6744
Email: jreisch@equalrights.org

JAVIER M. GUZMAN*
ROBIN F. THURSTON*
KARIANNE JONES*
Democracy Forward Foundation
1333 H St. NW
Washington, DC 20005
Ph: (202) 448-9090
Fax: (202) 701-1775
Emails: jguzman@democracyforward.org,
rthurston@democracyforward.org,
kjones@democracyforward.org

EMILY MARTIN*
NEENA CHAUDHRY*
SUNU CHANDY*
ALEXANDRA BRODSKY*
National Women's Law Center
11 Dupont Circle, NW, Suite 800
Washington, DC 20036
Ph: (202) 588-5180
Fax: (202) 588-5185
Emails: emartin@nwlc.org,
nchaudhry@nwlc.org, etang@nwlc.org,
schandy@nwlc.org, abrodsky@nwlc.org

*admitted pro hac vice

*Attorneys for Plaintiffs*

CHAD A. READLER
Acting Assistant Attorney General

ALEX G. TSE
Acting United States Attorney

CARLOTTA P. WELLS
Assistant Branch Director
Civil Division

STEVEN A. MYERS
(NY Bar # 4823043)
BENJAMIN T. TAKEMOTO
(CA Bar # 308075)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW, Rm. 7334
Washington, DC 20530
Tel: (202) 305-8648
Fax: (202) 616-8460
E-mail: steven.a.myers@usdoj.gov

*Attorneys for Defendants*

*SurvJustice, Inc. v. DeVos*, No. 18-cv-0535-JSC, Joint Case Management Statement

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SURVJUSTICE, INC.,<br>EQUAL RIGHTS ADVOCATES, and<br>VICTIM RIGHTS LAW CENTER,<br><br>         Plaintiffs,<br><br>   v.<br><br>ELISABETH D. DEVOS,<br>in her official capacity as Secretary of<br>Education,<br>KENNETH L. MARCUS,[1]<br>in his official capacity as Assistant Secretary<br>for Civil Rights, and<br>U.S. DEPARTMENT OF EDUCATION,<br><br>         Defendants. | Case No. 18-cv-0535-JSC<br><br>**Joint Case Management Statement**<br><br>Magistrate Judge: Jacqueline Scott Corley<br>Hearing: July 19, 2018, at 9:00 a.m.<br><br>Phillip Burton Federal Building & United<br>States Courthouse, Courtroom F, 15th<br>Floor,<br>450 Golden Gate Ave., San Francisco, CA<br>94102 |

---

[1] Kenneth L. Marcus, who assumed office as Assistant Secretary for Civil Rights on June 25, 2018, "is automatically substituted as a party." Fed. R. Civ. P. 25(d).

*SurvJustice, Inc. v. DeVos*, No. 18-cv-0535-JSC, Joint Case Management Statement

On May 23, 2018, the Court ordered the parties to file a joint case management statement by July 12, 2018. The following is that statement.

1. Jurisdiction and Service

Plaintiffs believe this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and that Plaintiffs have standing to bring their claims.

Defendants believe that the Court lacks subject matter jurisdiction over Plaintiffs claims. As discussed in the motion to dismiss briefing, Defendants believe that Plaintiffs lack standing to bring all of their claims.

No issues have been raised regarding personal jurisdiction or venue. All parties have been served.

2. Facts

Plaintiffs are three nonprofit organizations. Defendants are the Department of Education ("ED"), Secretary of Education Betsy DeVos, and Assistant Secretary for Civil Rights Kenneth L. Marcus.

The parties provide a full description of the facts in their briefs regarding Defendants' motion to dismiss. In short, however, the central dispute in this case concerns two documents that ED's Office for Civil Rights ("OCR") issued on September 22, 2017: a "dear colleague letter" ("DCL") and a document titled *Q&A on Campus Sexual Misconduct* (collectively, "2017 Title IX Documents").

In their opposition to Defendants' motion to dismiss, Plaintiffs argue that Defendants dispute certain allegations in the amended complaint in connection with Plaintiffs' standing. *See* Pls.' Opp'n at 7–13, ECF No. 45. Defendants do not believe that there is a factual dispute, but rather a legal dispute regarding the contents of the 2017 Title IX Documents. *See* Defs.' Reply at 1–5, ECF No. 48. The parties also dispute whether Defendants were motivated by a discriminatory purpose when issuing the 2017 Title IX Documents. These issues aside, however, the parties are not currently aware of any other factual disputes.

3. Legal Issues

As discussed in the motion to dismiss briefing, the parties disagree on a number of issues: (a) whether Plaintiffs have standing, both under Article III and in light of prudential considerations; and (b) whether Plaintiffs have stated Administrative Procedure Act ("APA"), ultra vires, or equal protection claims. The parties refer the Court to the motion to dismiss briefing for references to specific statutes and

decisions.

### 4. Motions

The Court has granted several motions for leave to appear in *pro hac vice* that Plaintiffs' counsel filed. The Court has also granted the Women's and Children's Advocacy Project, Equal Means Equal, National Coalition Against Violent Athletes, Faculty Against Rape, Allies Reaching For Equality, Women Matter, and We Are Woman's motion for leave to file a brief as amicus curiae. There is one pending motion: Defendants' May 2, 2018 motion to dismiss. Plaintiffs and Defendants do not anticipate any other motions at this time. However, if the Court denies any portion of Defendants' motion to dismiss, both parties anticipate filing motions for summary judgment on any remaining claims. In light of Defendants' position regarding the appropriateness of discovery in this case, Plaintiffs also anticipate that they may need to file one or more motions to compel Defendants to respond to discovery requests they anticipate making on the constitutional claim.

### 5. Amendment of Pleadings

Plaintiffs filed an amended complaint on February 21, 2018. Plaintiffs and Defendants do not anticipate any amended pleadings at this time. The parties propose that (1) any motion for leave to file an amended complaint be filed within 21 days after the Court rules on the pending motion to dismiss and (2) any response to such a motion be filed no later than twenty-one days after the motion is filed.

### 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. They have also met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### 7. Disclosures

The parties do not agree as to whether Defendants must make initial disclosures.

In Defendants' view, this case is exempt from initial disclosure because it is "an action for review on an administrative record." *See* Fed. R. Civ. P. 26(a)(1)(B)(i). As further discussed in the following section, discovery is inappropriate in an APA case such as this because judicial review is limited to "the whole record or those parts of it cited by the party." 5 U.S.C. § 706. Furthermore, even when courts have,

at the early stages of litigation, recognized the potential for agencies to be subject to discovery, they have denied initial disclosure. *See Seattle Audubon Soc'y v. Norton*, No. C05-1835L, 2006 WL 1518895, at *4 (W.D. Wash. May 24, 2005) (denying the motion to compel initial disclosure from the Secretary of the Interior and the Director of U.S. Fish and Wildlife Service, while granting the request that judicial review not be restricted to the administrative record).

In Plaintiffs' view, the exception to Rule 26 disclosures for "an action for review on an administrative record" (Fed. R. Civ. P. 26(a)(1)(B)(i)) is inapplicable here. Plaintiffs' case involves a claim that necessarily requires review that goes beyond the administrative record—namely, the equal protection claim. As further discussed below, discovery is thus appropriate in this case, and Defendants should be ordered to make initial disclosures.

8.  Discovery

To date, no discovery has been taken by any party. The parties do not agree as to whether discovery is legally permissible in this case.

Defendants believe that discovery is wholly inappropriate in this case. Judicial review of agency action is limited to "the whole record or those parts of it cited by the party." 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorio*, 470 U.S. 729, 743–44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court."). Thus, when there is a "contemporaneous explanation" for an agency's decision, its validity "must . . . stand or fall on the propriety of that finding." *Camp v. Pitts*, 411 U.S. 138, 143 (1972). "If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co.*, 470 U.S. at 744.

This case is not one of those rare circumstances. "An agency's designation and certification of the administrative record is treated like other established administrative procedures, and thus entitled to a presumption of administrative regularity." *McCrary v. Gutierrez*, 495 F. Supp.2d 1038, 1041 (N.D. Cal. 2007). To overcome this presumption, Plaintiffs must make a "strong showing" of bad faith, *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971), or offer "clear evidence" that records actually

considered by the decision maker were deliberately or negligently excluded from the record, *Cook Inletkeeper v. EPA*, 400 F. App'x 239, 240 (9th Cir. 2010). Plaintiffs have not made such a showing, in no small part because Defendants have not yet produced an administrative record. With an administrative record forthcoming, it would be premature to determine that the record is incomplete, let alone to determine that discovery is warranted. And at any rate, the single statement that Plaintiffs use to support their equal protection claim does not amount to a strong showing of bad faith, particularly at this stage of the litigation and when the statement has since been clarified, *see* Laurie Kellman & Carole Feldman, *Education Civil Rights Chief: 'Sorry' for Sex Assault Quote*, Associated Press (July 12, 2017), https://apnews.com/02b29624854d491785f07229914eb557.

The presence of an additional equal protection or ultra vires claim does not counsel in favor of a different result. Both of these claims, which are fundamentally similar to Plaintiffs' APA claim, cannot be used to circumvent the general rule that judicial review of agency action is limited to the administrative record. With respect to their ultra vires claim, Plaintiffs allege that "Defendants have acted in excess of their legal authority" in issuing the 2017 Title IX Documents. Am. Compl. ¶ 134. And with respect to their equal protection claim, Plaintiffs allege that Defendants, in considering sex stereotypes and "departing from normal agency processes," violated certain individuals' constitutional rights under the Fifth Amendment. *See id.* ¶ 139. Yet, the APA already prohibits "agency action, findings, and conclusions found to be . . . contrary to constitutional right, power, privilege, or immunity . . . [or] in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(B), (C). To permit discovery on Plaintiffs' non-APA claims would thus contradict Congress's clear intent to limit judicial review to the administrative record, *see id.*, and "would 'incentivize every unsuccessful party to agency action to allege . . . constitutional violations' in order to 'trade in the APA's restrictive procedures for the more evenhanded ones of the Federal Rules of Civil Procedure.'" *Chiayu Chang v. USCIS*, 254 F. Supp. 3d 160, 161–62 (D.D.C. 2017) (quoting *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1237–38 (D.N.M. 2014)). Indeed, it would be particularly inappropriate to allow discovery on Plaintiffs' non-APA claims in light of the substantial objections that Defendants have raised under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

Finally, Defendants note that deliberative or privileged materials are not included in the

administrative record. It is "not the function of the court to probe the mental processes of" an agency decision maker. *United States v. Morgan*, 313 U.S. 409, 422 (1941). Consistent with this principle, the Ninth Circuit has distinguished between, on the one hand, what must properly be included in the record and, on the other, "predecisional transcripts and related documents" concerning "the internal deliberative processes of the agency [and] the mental processes of individual agency members." *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1549 (9th Cir. 1993). Thus, Defendants do not intend to include deliberative or privileged materials in its administrative record and will not produce a privilege log.

In the alternative, Defendants request that discovery and completion of the administrative record be postponed until the Court rules on Defendants' motion to dismiss. Defendants have identified substantial, independent threshold grounds upon which this suit may be dismissed. The Supreme Court recently admonished this Court to rule on dispositive motions before ordering the Government to complete the administrative record because the Government's "arguments, if accepted, likely would eliminate the need for the District Court to examine a complete administrative record." *See In re United States*, 138 S. Ct. 443, 445 (2017). Courts must assure themselves of their jurisdiction before proceeding further. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 95 (1998). Likewise here, were the Court to grant Defendants' motion to dismiss, there would be no need to produce an administrative record at all. And were the Court to grant Defendants' motion to dismiss with respect to only the equal protection claim, Plaintiffs' already strained argument for discovery would be weakened even further.

In Plaintiffs' view, discovery is appropriate here to further probe into the intent of the decisionmakers in issuing the 2017 Title IX Documents. "In constitutional claims against an agency, a court must balance the plaintiff's need for access to proof against the burden this will impose on the government and privacy concerns." *Hensala v. Dep't of Air Force*, 148 F. Supp. 2d 988, 1003 (N.D. Cal. 2001) (citing *Webster v. Doe*, 8486 U.S. 592, 604 (1988)). In APA claims, review is limited to the administrative record except "when the agency has relied on documents not in the record, or when the plaintiff has made a showing of "agency bad faith." *Southwest Cntr. for Biological Diversity v. U.S. Forest Service*, 100 F.3d 1443, 1450 (9th Cir. 1996). "A party seeking to depose an administrative official must show specific facts to indicate that the challenged action was reached because of improper motives." *Id.*

To begin, discovery is here warranted for Plaintiffs' equal protection claim. Defendants make no attempts to explain why the burden of discovery would here outweigh Plaintiffs' need for it. Nor could they. Neither privacy concerns nor claims of administrative burden can outweigh the need to probe the serious allegations here raised: that Defendants intended to discriminate against women in issuing the 2017 Title IX Documents.

Additionally, discovery is warranted on Plaintiffs' APA claims for at least two reasons. First, Plaintiffs' maintain that their allegations that Defendants' issuance of the 2017 Title IX Documents and rescission of the Prior Guidance on the basis of "discriminatory stereotypes and unfounded generalizations about female college students in general and female victims of sexual violence in particular" (Am. Compl. ¶ 82) constitute agency bad faith, entitling Plaintiffs to conduct discovery on this claim. Plaintiffs allege that Secretary Betsy DeVos and Deputy Assistant Secretary Candice Jackson have made numerous statements demonstrating animosity towards victims of sexual violence and a tendency to disbelieve the accounts of such victims. *See* Am. Compl. ¶¶ 84-86, 91-92. Plaintiffs further allege that such discriminatory views underpin statements made by both Secretary DeVos and Ms. Jackson in criticizing the 2011 Dear Colleague Letter, which the 2017 Title IX Documents rescinded. Am. Compl. ¶¶ 87-88, 93-96. Discovery is thus warranted for this independent reason—to probe whether Defendants acted in bad faith and on the basis of discriminatory motives in issuing the 2017 Title IX Documents and rescinding the Prior Guidance.

Second, discovery is warranted because Plaintiffs' APA claims rest on their allegations that Defendants relied on information and advice received outside the rulemaking process in issuing the 2017 Title IX Documents. As Plaintiffs allege, "Secretary DeVos actively solicited the views of those individuals and groups that oppose robust Title IX protections and have questioned the veracity of survivors' experiences." Am. Compl. ¶ 89. Shortly after assuming her role as Secretary, Secretary DeVos met to discuss Title IX enforcement with State Representative Earl Erhart from Georgia—a notorious opponent of Title IX—and with the National Coalition for Men, an organization that has published photos of women who have made complaints of rape, calling them "false victims." *Id.* Discovery is thus warranted

1  to probe into the contents of these meetings and how such meetings influenced Defendants' decision to

2  issue the 2017 Title IX Documents and rescind the Prior Guidance. Defendants maintain that such

3  discovery is inappropriate at this juncture because they have not yet produced the administrative record.

4  Plaintiffs thus propose that should this Court deny discovery on this particular ground, Defendants be

5  required to include information about, including materials produced for or as a result of, these meetings

6  in the administrative record.

7         Finally, Defendants insist that they will not produce deliberative or privileged materials as part of

8  the administrative record or a privilege log. Such a position defies settled law in this Circuit. Although

9  "some agency documents, such as purely internal deliberative materials," may be protected from inclusion

10 in the administrative record," Defendants "must make a specific showing establishing the application of a

11 privilege for each document that it contends that it may withhold based on privilege." *Gill v. Dep't of*

12 *Justice*, 14-cv-03120, 2015 WL 9258075, at *7 (N.D. Cal. Dec. 18, 2015). Courts have thus "required

13 parties withholding documents on the basis of the deliberative process privilege to, at a minimum,

14 substantiate those claims in a privilege log." *Id.* Plaintiffs request this Court adopt such a requirement here

15 and direct Defendants to substantiate any claims of privilege as to particular documents in a privilege log.

16        Defendants insist that if this Court finds discovery appropriate in this case, it should stay any such

17 discovery pending resolution of Defendants' motion to dismiss. As an initial matter, such a request is more

18 appropriately raised in a motion for a stay of discovery pursuant to Fed. R. Civ. P. 26(c). But in any event,

19 such a blanket stay of discovery is inappropriate here. Indeed, "district courts look unfavorably upon such

20 blanket stays of discovery." *Mlejnecky v. Olympus Imaging Am., Inc.*, 2:10-cv-02630, 2011 WL 489743,

21 at *5 (E.D. Cal. Feb. 7, 2011) (collecting cases). And the Ninth Circuit has made clear that a stay of

22 discovery pending the resolution of a motion to dismiss for failure to state a claim is appropriate only

23 when the district court "is *convinced* that the plaintiff will be unable to state a claim for relief." *Wood v.*

24 *McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam) (emphasis added). Given the substantial

25 allegations set forth in Plaintiffs' amended complaint, a stay is unwarranted.

26        9.  Class Actions

27        This is not a class action.

28        10. Related Cases

*SurvJustice, Inc. v. DeVos*, No. 18-cv-0535-JSC, Joint Case Management Statement

7

Democracy Forward Foundation has sued ED pursuant to the Freedom of Information Act. *Democracy Forward Found. v. ED*, No. 18-cv-0976-RCL (D.D.C. filed Apr. 26, 2018). It seeks, among other things, certain records related to the 2017 Title IX Documents. On June 28, 2018, the parties filed a joint status report indicating that ED "anticipates making several productions over the next two months, with its final production expected by August 31, 2018." The parties indicated that they would file a status report by September 12, 2018.

Equal Means Equal, which has filed an amicus brief, ECF No. 47, has challenged the 2017 Title IX Documents in *Equal Means Equal v. DeVos*, No. 17-cv-12043-MLW (D. Mass. filed Oct. 19, 2017). Pending in that case is a motion to dismiss that Defendants filed on February 27, 2018.

11. Relief

Plaintiffs request that the Court (1) "Declare the Dear Colleague Letter and the Q&A issued in September 2017 unlawful"; (2) "Issue an injunction ordering Defendants to vacate the Dear Colleague Letter and the Q&A issued in September 2017"; (3) "Award Plaintiffs costs, attorneys' fees, and other disbursements for this action"; and (4) "Grant any other relief this Court deems appropriate." Am. Compl. at 44, ECF No. 23.

12. Settlement and ADR

On June 27, 2018 and pursuant to Rule 3-5 of the ADR Local Rules, the parties met and conferred "to discuss the available ADR processes, to identify the process each believes will be most helpful to the parties' settlement efforts, to specify any formal or informal exchange of information needed before an ADR session, and to attempt to agree on an ADR process and a deadline for the ADR session." They concluded that ADR would be inappropriate at this time. No key discovery or motions are necessary to position the parties to negotiate a resolution. An ADR phone conference has been scheduled on Friday, July 13, 2018 at 11:30 a.m. PST.

13. Consent to Magistrate Judge for All Purposes

The parties have consented to have a magistrate judge conduct all proceedings in this case.

14. Other References

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

1    15. <u>Narrowing of Issues</u>

2    If the Court grants Defendants' motion to dismiss, the case would be dismissed. If the Court grants

3    the motion to dismiss in part and denies it in part, certain issues may be narrowed. The parties have not

4    agreed to narrow any issue by stipulation or otherwise.

5    16. <u>Expedited Trial Procedure</u>

6    This is not the type of case that can be handled under the Expedited Trial Procedure of General

7    Order No. 64 Attachment A.

8    17. <u>Scheduling</u>

9    The parties have agreed that Defendants will not produce the administrative record until after the

10   Court rules on Defendants' motion to dismiss. Defendants propose filing the administrative record by

11   September 26, 2018 or two weeks after the Court issues its decision on the motion to dismiss, whichever

12   is later.

13   As discussed above, Defendants do not believe that discovery is appropriate in this case. Therefore,

14   they do not propose dates for designation of experts or discovery cutoff. In the alternative, Defendants

15   believe that the Court should rule on their motion to dismiss before setting such dates. *See In re United*

16   *States*, 138 S. Ct. at 445.

17   Because, as discussed above, Plaintiffs believe they are entitled to discovery and that no stay is

18   warranted, Plaintiffs would request that this Court set a discovery schedule to commence in advance of

19   any decision on Defendants' motion to dismiss.

20   The Court has scheduled a hearing on Defendants' motion to dismiss on July 19, 2018 at 9:00 a.m.

21   PST.

22   The parties believe that the Court should postpone scheduling a pretrial conference and trial until

23   the Court rules on Defendants' motion to dismiss, as that may dispose of the case.

24   18. <u>Trial</u>

25   Plaintiffs have requested a jury trial. *See* Am. Compl. at 1. Defendants, however, believe that a

26   jury trial would be impermissible because the United States has not waived its sovereign immunity with

27   respect to any of Plaintiffs claims. [T]he Supreme Court has held that '[s]ince there is no generally

28   applicable jury trial right that attaches when the United States consents to suit, the accepted principles of

sovereign immunity require that a jury trial right be clearly provided in the legislation creating the cause of action.'" *KLK, Inc. v. DOI*, 35 F.3d 454, 456 (9th Cir. 1994) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 162 n.9 (1981)). Furthermore, it would be particularly inappropriate to conduct a jury trial with respect to Plaintiffs' APA and ultra vires claims, which are questions of law. "The judge decides questions of law; the jury, questions of fact." *CollegeSource, Inc. v. AcademyOne, Inc.*, 709 F. App'x 440, 443 (9th Cir. 2017) (quoting *Sparf v. United States*, 156 U.S. 51, 89 (1895)); *see also W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1124 (9th Cir. 2009) (observing that the APA does not "provide a right to a trial by jury").

Plaintiffs maintain that there is no express rule barring a jury trial for constitutional equal protection claims and requests this Court defer consideration of that issue until a later time when it can be fully briefed.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

Plaintiffs filed their Certification of Interested Entities or Persons on January 25, 2018. Defendants, who are all government entities, are not required to file a Certification of Interested Entities or Persons and have not done so. *See* L.R. 3-15(a).

20. <u>Professional Conduct</u>

Counsel for Plaintiffs and Defendants have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other Matters</u>

There are no other matters at this time that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: July 12, 2018

ALICE Y. ABROKWA*
LEECIA WELCH (CA Bar No. 208741)
National Center for Youth Law
405 14th Street, 15th Floor
Oakland, CA 94612, and
1313 L Street, NW, Suite 130
Washington, DC 20005
Ph: (510) 835-8098
Fax: (510) 835-8099

Respectfully Submitted,

CHAD A. READLER
Acting Assistant Attorney General

ALEX G. TSE
Acting United States Attorney

CARLOTTA P. WELLS
Assistant Branch Director

Emails: lwelch@youthlaw.org,
aabrokwa@youthlaw.org

JENNIFER A. REISCH (CA Bar No. 223671)
Equal Rights Advocates
1170 Market Street, Suite 700
San Francisco, CA 94102
Ph: (415) 621-0672
Fax: (415) 621-6744
Email: jreisch@equalrights.org

JAVIER M. GUZMAN*
ROBIN F. THURSTON*
KARIANNE JONES*
Democracy Forward Foundation
1333 H St. NW
Washington, DC 20005
Ph: (202) 448-9090
Fax: (202) 701-1775
Emails: jguzman@democracyforward.org,
rthurston@democracyforward.org,
kjones@democracyforward.org

EMILY MARTIN*
NEENA CHAUDHRY*
SUNU CHANDY*
ALEXANDRA BRODSKY*
National Women's Law Center
11 Dupont Circle, NW, Suite 800
Washington, DC 20036
Ph: (202) 588-5180
Fax: (202) 588-5185
Emails: emartin@nwlc.org,
nchaudhry@nwlc.org, etang@nwlc.org,
schandy@nwlc.org, abrodsky@nwlc.org

*admitted pro hac vice

*Attorneys for Plaintiffs*

Civil Division

/s/ *Benjamin T. Takemoto*
STEVEN A. MYERS
(NY Bar # 4823043)
BENJAMIN T. TAKEMOTO
(CA Bar # 308075)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW, Rm. 7334
Washington, DC 20530
Tel: (202) 305-8648
Fax: (202) 616-8460
E-mail: steven.a.myers@usdoj.gov

*Attorneys for Defendants*

## RULE 5-1(i)(3) ATTESTATION

I, Benjamin T. Takemoto, attest pursuant to Rule 5-1(i)(3) of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California that I have obtained the concurrence in the filing of the above joint case management statement from Plaintiffs' counsel Karianne Jones.

/s/ *Benjamin T. Takemoto*
Benjamin T. Takemoto