WENDY MURPHY, Pro Hac Vice
wmurphy@nesl.edu
New England Law/Boston
154 Stuart Street
Boston, MA 02116
Telephone: (617)422-7410

JEFFREY L. FILLERUP (SBN 120543)
jfillerup@rinconlawllp.com
RINCON LAW LLP
200 California St., Suite 400
San Francisco, CA 94111
Telephone:    (415) 996-8199
Facsimile:    (415) 680-1712

Attorneys for The Women's and Children's Advocacy Project,
Equal Means Equal, National Coalition Against Violent Athletes,
Allies Reaching for Equality, Women Matter, We Are Woman,
and SAFE Campuses, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SURVJUSTICE, INC.,<br>1015 15th Street NW, Suite 632<br>Washington, DC 20005<br><br>EQUAL RIGHTS ADVOCATES,<br>1170 Market Street, Suite 700<br>San Francisco, CA 94102<br><br>VICTIM RIGHTS LAW CENTER<br>520 SW Yamhill Street<br>Portland, OR 97204,<br><br>          Plaintiffs,<br><br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of Education,<br>400 Maryland Avenue SW<br>Washington DC 20202, et al.,<br><br>          Defendants. | Case No. 3:18-cv-00535-JSC<br><br>**INTERVENTION MOVANTS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO MOTION TO INTERVENE**<br><br>Date:     October 17, 2018<br>Time:     9:00 a.m.<br>Place:    450 Golden Gate Ave., 15th Fl.<br>          Courtroom F<br>          San Francisco, CA 94102<br>Judge:    Hon. Jacqueline Scott Corley |

The parties seeking to intervene as plaintiffs in this case, The Women's and Children's Advocacy Project, Equal Means Equal, National Coalition Against Violent Athletes, Allies Reaching for Equality, Women Matter, We Are Woman, and SAFE Campuses, LLC (collectively "Intervention Movants"), hereby oppose Defendants' Administrative Motion for Leave to File a Surreply (Doc No 78), as follows:

One of the arguments made by the Defendants in opposition to the motion to intervene (Doc No 71) relates to a case pending in federal court in Massachusetts captioned *Equal Means Equal v. DeVos*, U.S. District Court, D. Mass., Case No. 17-12043-MLW (the "Mass Case"). In their reply brief (Doc No 76), the Intervention Movants argued, in part, that National Coalition Against Violent Athletes ("NCAVA") was not yet a party in the Mass Case. After all of the briefing was completed in connection with the motion to intervene, the Court in the Mass Case entered an order adding NCAVA as a party (the "9/24 Order"). In light of the 9/24 Order, the Intervention Movants' filed a Statement of New Ruling on September 25, 2018 (Doc No 77), notifying this Court of the new ruling, withdrawing the argument that NCAVA was not a party in the Mass Case, and providing that "NCAVA will leave for oral argument on October 17, 2018 its argument that the 9/24 Order does not require denial of the motion to intervene in this case."

The Defendants' Administrative Motion seeking leave to continue briefing the question of intervention (Doc No 78) should be denied because further briefing is not permitted under Local Rule 7.3, further briefing is not necessary, and the Defendants have not established any necessity for further briefing.

If the Court does allow further briefing by the Defendants, then Intervention Movants seek leave to respond to the Defendants' further briefing. The Intervention Movants' contemplate that their further briefing will address at least two points. First, the Defendants' argument about the Mass Case being misleading was accurate and based on the circumstances at the time it was made. In the Mass Case, the Defendant took the position that the Plaintiffs' complaint should be dismissed, and then the Defendant intended to use that ruling in order to substantiate dismissal of

any amended complaint allowed by the Court.   Thus, the Plaintiffs' counsel in the Mass Case was justified in believing that the Defendants were seeking to preclude the Plaintiffs' from filing or pursuing an amended complaint.

Second, the fact that NCAVA is now a party in the Mass Case does not justify denial of NCAVA's addition as a plaintiff in this case for the same reason that Equal Means Equal is a proper plaintiff in this case.  (See Reply Memorandum in Response to the Parties' Opposition to Motion for Leave to Intervene, Doc No 76 at 5:15-6:9)

In conclusion, the Defendants' Administrative Motion should be denied.   In the alternative, if the Defendants' motion is granted, then Intervention Movants should be granted leave to respond to the Defendants' supplemental briefing.

DATED:  October 1, 2018                    NEW ENGLAND LAW/BOSTON

By: */s/Wendy Murphy*
Wendy Murphy
Attorneys for The Women's and Children's Advocacy Project, Equal Means Equal, National Coalition Against Violent Athletes, Allies Reaching for Equality, Women Matter, We Are Woman, and SAFE Campuses, LLC