WENDY MURPHY, Pro Hac Vice
wmurphy@nesl.edu
New England Law/Boston
154 Stuart Street
Boston, MA 02116
Telephone: (617)422-7410

JEFFREY L. FILLERUP (SBN 120543)
jfillerup@rinconlawllp.com
RINCON LAW LLP
200 California St., Suite 400
San Francisco, CA  94111
Telephone:     (415) 996-8199
Facsimile:      (415) 680-1712

Attorneys for The Women's and Children's Advocacy Project,
Equal Means Equal, National Coalition Against Violent Athletes,
Allies Reaching for Equality, Women Matter, We Are Woman,
and SAFE Campuses, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SURVJUSTICE, INC.,<br>1015 15th Street NW, Suite 632<br>Washington, DC 20005<br><br>EQUAL RIGHTS ADVOCATES,<br>1170 Market Street, Suite 700<br>San Francisco, CA 94102<br><br>VICTIM RIGHTS LAW CENTER<br>520 SW Yamhill Street<br>Portland, OR 97204,<br><br>                 Plaintiffs,<br><br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of Education,<br>400 Maryland Avenue SW<br>Washington DC 20202, et al.<br><br>                 Defendants. | Case No. 3:18-cv-00535-JSC<br><br>**REPLY MEMORANDUM IN RESPONSE TO THE PARTIES' OPPOSITION TO MOTION FOR LEAVE TO INTERVENE**<br><br>Date:         February 14, 2019<br>Time:        9:00 a.m.<br>Place:       450 Golden Gate Ave., 15th Fl.<br>                    Courtroom F<br>                    San Francisco, CA  94102<br>Judge:       Hon. Jacqueline Scott Corley |

## I. INTRODUCTION

Plaintiffs oppose Movants' intervention motion primarily on two grounds. First, that the motion is untimely, and second, that Plaintiffs adequately represent Movants' rights and interests. Defendants additionally argue that the Motion to Intervene should be denied because Movants are involved in similar litigation in federal court in Massachusetts, and that Movants have no legitimate interest in this matter. All these arguments must fail.

At the outset it should be emphasized that this is not a dispute about which legal theories should be advanced in support of Plaintiffs' legal action against the challenged guidance. As discussed further herein, Movants seek to intervene because Plaintiffs have refused to advocate for or even cite the Title IX regulations and related legal authorities that guarantee victims of sex-based harms equal treatment, on par with the treatment afforded victims of other civil rights harms, such as those based on race and national origin. While this is not a formal class action, it is a public interest case that will affect women as a class. And although vacatur of the entire challenged guidance *could* protect most of Movants' interests, Plaintiffs challenge is focused on certain aspects of the guidance. This Court could reject Plaintiffs' request for vacatur of the entire guidance as overbroad, and vacate only specific provisions, leaving in tact other provisions that unlawfully subject women and sex-based harms to different treatment. Furthermore, even if the Court rules in Plaintiffs' favor and vacates the entire guidance, any written decision would necessarily be based on Plaintiffs' claims, which nowhere mention regulations and related legal authorities that mandate equal treatment. Women as a class are entitled to maximum enforcement of Title IX's explicit prohibition against different treatment based on sex in a lawsuit designed to enforce a law that prohibits sex discrimination.

## II. ARGUMENT

### A. The Motion is Timely

Though almost a year old, this case is still in its infancy. Plaintiffs filed their original complaint on January 25, 2018, purporting to represent the rights and interests of women as a class under Title IX. They amended their complaint on February 21, 2018. Neither complaint included a

Title IX claim, a Tenth Amendment claim, or a Spending Clause claim, and neither complaint asserted any claims on behalf of women's right to equal treatment under Title IX.

Defendants filed a Motion to Dismiss on May 2, 2018. Plaintiffs' opposition nowhere addressed or advocated for equal treatment of women, which incentivized Movants to file an amicus brief. Movants' filed their motion for leave to file an amicus brief on June 14, 2018. The motion was unopposed and granted by the Court on June 29, 2018. The amicus brief extensively addressed women's right to equal treatment under Title IX.

A hearing on Defendants' Motion to Dismiss was held July 19, 2018. During the hearing, Title IX's prohibition against different treatment based on sex was not addressed by any party or the Court. At the end of the hearing, the Court asked for supplemental briefing on the issue of which rights and obligations were affected by the challenged guidance. Plaintiffs submitted a supplemental brief on August 2, 2018, in which they failed to mention women's right to equal treatment under Title IX, or argue that different treatment is a cognizable legal injury. Movants then filed a Motion to Intervene and a proposed complaint in intervention, which was opposed by both parties. A hearing on the Motion to Intervene was scheduled for October 18, 2018, but before it took place, the Court granted Defendants' Motion to Dismiss. Thereafter, Movants withdrew their Motion to Intervene, subject to the Plaintiffs' filing of a second amended complaint.

On October 31, 2018, Plaintiffs filed a second amended complaint in which they, again, failed to assert claims regarding women's right to equal treatment, or even cite the Title IX regulations and related legal authorities that forbid different treatment. As a result of Plaintiffs' consistent refusal to advance and protect women's right to equal treatment, Movants filed another Motion to Intervene on November 20, 2018.[1] Defendants have not yet filed a motion to dismiss. Although Defendants may need additional time to file a motion to dismiss because of the complaint

---

[1] Defendants complain that Movants have included claims under the Administrative Procedure Act, 5 U.S.C., §551 et seq., (APA) despite the Court's prior ruling granting Defendants' Motion to Dismiss these claims. (D.Op.11) Movants included APA claims because their proposed complaint in intervention alleges facts and sets forth arguments that were not asserted by the Plaintiffs on the issue of whether the challenged guidance constitutes "final agency action."

in intervention, it will require few resources as Defendants have already filed a Motion to Dismiss on the same issues in a similar Massachusetts case, *Equal Means Equal v. DeVos et al.*, No. 1:17-cv-12043 MLW (D.Mass. 2017) (Documents No. 27, 28).

Intervention at this early stage is essentially a continuation of Movants' first Motion to intervene, and can hardly be seen as untimely given that the case has not moved past the initial pleading stage, the first Motion to Intervene was filed only six months after Plaintiffs' First Amended Complaint was filed, and the parties will suffer no prejudice. *Petrol Stops Northwest v. Continental Oil,* 647 F.2d 1005, 1009-10 (9th Cir. 1981). The parties have long been aware of Movants' arguments, and did not object to their admissibility in the form of an amicus brief in June 2018, on timeliness or other grounds, even though the amicus brief was submitted some five months after Plaintiffs' first complaint was filed, and even though the amicus brief advanced exactly the same points and arguments about equal treatment as those raised in the instant intervention motion. In addition, the parties effectively concede that they will suffer no prejudice because Plaintiffs claim in their opposition to intervention that they adequately address all of Movants' issues, (P.Op.9-10) and Defendants admit that they have been litigating exactly the same claims in a related case in Massachusetts, filed almost a year ago. *Equal Means Equal v. DeVos et al.,* No. 1:17-cv-MLW (D.Mass.) (D.Op.5-6).

### B.    Plaintiffs do not Adequately Represent Movants' Interests

Plaintiffs assert that they adequately represent Movants' interests[2] because the relief requested by Movants is the same as that which is requested by the Plaintiffs. (P.Op.9-10) Plaintiffs are factually incorrect, and they misapprehend the adequate representation issue.

Movants seek not only vacatur of the DeVos Rules, but also a declaration that the Rules are

---

[2] Plaintiffs concede, as they must, that Movants have a protectable "interest" in this litigation. By contrast, Defendants argue that Movants have no protectable interest (D.Op.13) despite the obvious and critically important interest of all women in equal treatment, and proper enforcement of laws to prevent sex discrimination. Defendants base their argument on Article III standing, and then undertake to discuss at length the application of standing doctrine to the issue of whether Movants have a legitimate "interest" in this litigation. (D.Op.13-17). Standing doctrine does not control whether a proposed intervenor has a sufficient interest to justify intervention. Defendants may properly raise standing arguments in their Motion to Dismiss if and when intervention is granted.

discriminatory, (Int.Comp.23) because they subject women to different treatment in violation of Title IX. Movants also seek a nationwide injunction. (Int.Comp.23) Plaintiffs do not seek these remedies. Moreover, even a successful vacatur of the challenged guidance will not adequately protect Plaintiffs' interest in protecting women's right to equal treatment if such a ruling rests, as it must, on authority other than Title IX's guarantee of equal treatment.

In any event, the issue is not whether the remedies sought are identical, but rather, whether Plaintiffs' representation of a proposed intervenor's interests "may" be inadequate. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). The burden of making such a showing is minimal. *Id*. An applicant should be allowed to intervene unless it is clear that the party will provide adequate representation. 7A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1909 (1st ed. 1972). As addressed exhaustively in their primary memorandum, Movants argue that Plaintiffs' representation of their interests is inadequate because Plaintiffs nowhere cite the Title IX regulations and supportive legal authorities that mandate equal treatment of women, nor do they seek equal treatment on any other ground, yet they purport to be representing the interests and rights of women as a class. It is difficult to imagine a stronger argument in support of intervention on the issue of adequate representation than one where the Plaintiffs claim to be representing an entire class of people whose right to equal treatment is at stake, yet Plaintiffs nowhere ask the court to acknowledge, much less enforce, that right.

Contrary to Plaintiffs' claims, this is not a difference of opinion regarding legal theories. Title IX's regulatory mandates are not legal theories; they are legal obligations of utmost importance, promulgated to ensure maximum legal protection for women as a class. That Plaintiffs would file a lawsuit under Title IX and not mention the most important regulatory provisions of Title IX is troubling. That Plaintiffs would then characterize Movants' efforts to intervene in this matter as a difference of opinion about legal theory is perplexing. Women are entitled to maximum legal protection, especially in a case that purports to be about the protection of women from sex discrimination in education. Movants seek to intervene to ensure that women receive the maximum legal protection to which they are entitled. Simply put, Movants should be allowed to intervene

because *someone* should cite the Title IX regulations that require equal treatment.

Plaintiffs also argue that disposition of this action will not impair Movants' rights and interests because they can file a separate lawsuit, and because some Movants are involved in a similar lawsuit in Massachusetts. (D.Op.8-11). Plaintiffs fail to consider that Movants seek to intervene in this matter not because it is the only possible forum, but rather, to prevent the Court from issuing a decision that fails to accord women maximum legal protections. This cannot be accomplished through the filing of a separate lawsuit. A separate lawsuit also undermines judicial efficiency. That a similar Massachusetts lawsuit is pending in which two of the Movants have asserted equal treatment claims is of no moment as such a case, even if successful, does not guarantee that this Court will not issue a ruling that fails to protect the equal treatment interests and rights of women as a class, and Movants who are not involved in the Massachusetts case. Certainty about the court's likely rulings is not a prerequisite to intervention. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011)("intervention of right does not require an absolute certainty that a party's interest will be impaired or that existing parties will not adequately represent its interests.")

Movants initially filed an amicus brief rather than an intervention motion in the hope Plaintiffs would correct their pleadings and at least *cite* to the Title IX regulations and related legal authorities that guarantee women equal treatment under Title IX. Movants assumed that Plaintiffs' error on this important issue was inadvertent. When Plaintiffs failed to correct their pleadings, even *after* the Court invited additional briefing on which rights and legal interests are at stake in this proceeding, Movants sought the more aggressive remedy of intervention. In short, Movants seek to intervene simply because Plaintiffs should not be permitted to speak for women as a class, while refusing to advance the strongest legal claims on women's behalf.

### C. The Claim Splitting Rule is Inapt

Defendants argue that Movants Equal Means Equal (EME) and the National Coalition Against Violent Athletes (NCAVA) may not intervene because they are involved as Plaintiffs in a similar case in Massachusetts, *Equal Means Equal v. DeVos et al.*, No. 1:17-cv-12043 MLW

(D.Mass. 2017), and their participation as Plaintiffs in both cases is forbidden under the claim-splitting rule. (D.Op.5-7) Defendants' argument is premature and should be brought in a Motion to Dismiss. In any event, participation by EME and NCAVA is not barred because they have not yet had a full and fair opportunity to litigate their claims in the Massachusetts proceeding. *Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 328 (9th Cir.1995). The 9th Circuit has adopted the Restatement (Second) of Judgments on the claim-splitting issue. The Restatement reads in relevant part, "A main purpose of the general rule [of res judicata] is to protect the defendant from being harassed by repetitive actions based on the same claim." § 26(1)(a), comment a. (1982). But as the Supreme Court has explained, "invocation of res judicata or claim preclusion" requires that "the first adjudication offer[ed] a full and fair opportunity to litigate." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481 & n.22 (1982). While EME and NCAVA admittedly would not be entitled to seek relief here if they had a chance to litigate their claims in Massachusetts, even if that chance had not yet reached final judgment, it cannot be said that EME and NCAVA will ever have such a chance because Defendants have moved to dismiss all claims on the grounds that EME and NCAVA lack standing to sue, *Equal Means Equal v. DeVos et al.*, 1:17-cv-12043-MLW (D.Mass.)(Document Nos. 27, 28), and the court has not yet ruled on Defendants' motion.[3]

Because EME and NCAVA may be prohibited from litigating their claims at all in the Massachusetts case, this is not a "repetitive" action. The Massachusetts case stands in roughly the

---

[3] Curiously, Defendants have submitted by affidavit to the Court information pertaining to a show cause order of the Court in a related Massachusetts case regarding Movants' one-day late motion to extend time for filing an opposition to Defendants' Motion to Dismiss. (D.Op.9, n.4) Movants' counsel anticipates filing an affidavit explaining that she has been filing public interest law cases for over 25 years, and has a largely pro bono practice, as a sole practitioner, focused on advancing constitutional and civil rights for abused women and children. Most cases, like this one, are litigated pro bono, with the occasional assistance of students. Movants' counsel was one-day late with the filing of her extension motion, in part because the deadline landed in the midst of the Thanksgiving holiday, and because Defendants improperly filed their motion to dismiss with their memorandum attached, which caused the clerk to docket Defendants' detached memorandum one day later. Movants' counsel mistakenly used the latter date to calculate the deadline. Contrary to Defendants' claims regarding the significance of this Massachusetts issue in this litigation, Movants do not believe that Defendants' improper filing of their Motion to Dismiss is an indication that Defendants will improperly file motions and memoranda in this Court.

same posture as this case in that Defendants' motion to dismiss here has not yet been filed, and in Massachusetts has not yet been decided. Until one of the courts determines whether EME and NCAVA will have *some* opportunity to litigate their claims, it cannot be said that Movants' complaint in intervention is a duplicate, harassing or repetitive action. Therefore, Movants EME and NCAVA respectfully request a stay of any decision until after the Massachusetts Court rules on the standing issue.

### III. CONCLUSION

For the above reasons, Movants respectfully request that this Court grant their motion to intervene.

DATED: December 10, 2018      NEW ENGLAND LAW/BOSTON

By: */s/Wendy Murphy*
Wendy Murphy
Attorneys for The Women's and Children's Advocacy Project, Equal Means Equal, National Coalition Against Violent Athletes, Allies Reaching for Equality, Women Matter, We Are Woman, and SAFE Campuses, LLC