1  JOSEPH H. HUNT
   Assistant Attorney General
2
3  CARLOTTA P. WELLS
   Assistant Branch Director
4  Civil Division

5  STEVEN A. MYERS (NY Bar # 4823043)
   BENJAMIN T. TAKEMOTO (CA Bar # 308075)
6  Trial Attorneys
   United States Department of Justice
7  Civil Division, Federal Programs Branch
   P.O. Box No. 883, Ben Franklin Station
8  Washington, DC 20044
   Tel: (202) 305-8648
9  Fax: (202) 616-8470
   E-mail: steven.a.myers@usdoj.gov
10
11 *Attorneys for Defendants*

12            **UNITED STATES DISTRICT COURT FOR THE**
13            **NORTHERN DISTRICT OF CALIFORNIA**
                 **SAN FRANCISCO DIVISION**
14

15
16 SURVJUSTICE, INC.,
   EQUAL RIGHTS ADVOCATES, and
17 VICTIM RIGHTS LAW CENTER,                Case No. 18-cv-0535-JSC

18                        Plaintiffs,        **DEFENDANTS' ANSWER TO THIRD**
                                             **AMENDED COMPLAINT FOR**
19            v.                             **INJUNCTIVE RELIEIF**

20                                           Hon. Jacqueline Scott Corley
   ELISABETH D. DEVOS,
21 in her official capacity as Secretary of
   Education,
22 KENNETH L. MARCUS,
   in his official capacity as Assistant Secretary
23 for Civil Rights, and
   U.S. DEPARTMENT OF EDUCATION,
24
25                        Defendants.
26

27      Defendants Elisabeth D. DeVos, in her official capacity as Secretary of Education, Kenneth L.
28
   ***SurvJustice, Inc. v. DeVos***, No. 18-cv-0535-JSC, Answer to Third Amended Complaint

Marcus, in his official capacity as Assistant Secretary for Civil Rights, and U.S. Department of Education ("ED"), hereby answer Plaintiff's Third Amended Complaint for Injunctive Relief (ECF No. 123) as follows. Defendants note, however, that to the extent review is available in this case, the factual record consists of the administrative record, and not the allegations of Plaintiffs' Third Amended Complaint or of this Answer.

1.      This paragraph consists of Plaintiffs' characterization of the action, not allegations of fact to which a response is required. To the extent a response is deemed required, deny.

2.      This paragraph consists of Plaintiffs' characterizations of Title IX, not allegations of fact to which a response is required. To the extent a response is deemed required, admit.

3.      This paragraph consists of Plaintiffs' characterization of various guidance materials issued by ED; to the extent a response is deemed required, deny except to respectfully refer the Court to those materials for a full and accurate statement of their contents.

4.      Deny except to admit that in September 2017, ED rescinded certain guidance that had been issued in 2011 and 2014 and issued new guidance that superseded the rescinded guidance and respectfully refer the Court to those guidance materials for a full and accurate statement of their contents.

5.      Deny the first sentence. The second sentence consists of Plaintiffs' characterization of various guidance materials issued by ED; deny except to admit that the 2017 Guidance contains the quoted language and respectfully refer the Court to the guidance documents for a full and accurate statement of their contents. The third sentence consists of Plaintiff's characterization of the 2017 guidance, not allegations of fact to which a response is required; to the extent a response is deemed required, deny except to respectfully refer the Court to the 2017 Guidance for a full and accurate statement of its contents.

6.      The first, second, and third sentences consist of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny. Deny the fourth and fifth sentences.

7.      This paragraph consists of a request for relief, not allegations of fact to which a response is required. To the extent a response is deemed required, deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

8.      This paragraph consists of conclusions of law, not allegations of fact to which a response

*SurvJustice, Inc. v. DeVos*, No. 18-cv-0535-JSC, Answer to Third Amended Complaint

is required; to the extent a response is deemed required, deny.

9.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, deny.

10.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, deny.

11.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

12.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

13.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

14.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

15.     This paragraph consists of Plaintiffs' characterization of this lawsuit, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to admit that SurvJustice purports to bring this action its own behalf.

16.     Deny.

17.     Deny.

18.     Defendants lack information sufficient to admit or deny whether SurvJustice has elected to provide increased trainings or to reduce the price that it charges for such trainings. Deny the remaining allegations of this paragraph.

19.     Defendants lack information sufficient to admit or deny whether SurvJustice has elected to devote time to reviewing and understanding the 2017 Guidance, or whether such a choice has decreased the amount of time available for other activities. Deny the remaining allegations of this paragraph.

20.     Deny.

21.     Defendants lack information sufficient to admit or deny the allegations of the first and second sentences. The third sentence consists of Plaintiffs' characterization of the 2017 Guidance, to which a response is not required; to the extent a response is deemed required, deny except to respectfully refer the Court to the 2017 Guidance for a full and accurate statement of its contents. Defendants lack information sufficient to admit or deny the allegations of the fourth sentence. Deny the fifth sentence.

22.     The portion of the first sentence preceding the second comma consists of Plaintiffs' characterization of the 2017 Guidance, to which a response is not required; to the extent a response is

*SurvJustice, Inc. v. DeVos*, No. 18-cv-0535-JSC, Answer to Third Amended Complaint

1 | deemed required, deny and respectfully refer the Court to the 2017 Guidance for a full and accurate
2 | statement of its contents. Defendants lack knowledge or information sufficient to admit or deny the
3 | allegations of the remainder of the first sentence. Deny the second sentence.

4 | 23.     Deny.

5 | 24.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

6 | 25.     Defendants lack information sufficient to admit or deny the allegations in this paragraph.

7 | 26.     This paragraph consists of Plaintiffs' characterization of this lawsuit, not allegations of fact
8 | to which a response is required. To the extent a response is deemed required, deny except to admit that
9 | ERA purports to bring this action on its own behalf.

10 | 27.     Deny the first and second sentences. Defendants lack sufficient information to admit or
11 | deny the remainder of the paragraph.

12 | 28.     Deny the first sentence. The second sentence consists of Plaintiffs' characterization of the
13 | 2017 Guidance, to which a response is not required; to the extent a response is deemed required, deny
14 | except to respectfully refer the Court to the 2017 Guidance for a full and accurate statement of its contents.

15 | 29.     Defendants lack sufficient information to admit or deny the allegations of this paragraph.

16 | 30.     Defendants lack sufficient information to admit or deny the allegations of this paragraph.

17 | 31.     This paragraph consists of Plaintiffs' characterization of this lawsuit, not allegations of fact
18 | to which a response is required; to the extent a response is deemed required, deny except to admit that
19 | VRLC purports to bring this action on its own behalf.

20 | 32.     Deny the first and second sentences. Defendants lack information sufficient to admit or
21 | deny the allegations in the third and fourth sentences. Deny the fifth sentence. The sixth and seventh
22 | sentences consist of conclusions of law, not allegations of fact to which a response is required; to the
23 | extent a response is deemed required, deny.

24 | 33.     This paragraph consists of Plaintiffs' characterization of the 2017 Guidance, to which a
25 | response is not required; to the extent a response is deemed required, deny except to respectfully refer the
26 | Court to the 2017 Guidance for a full and accurate statement of its contents.

27 | 34.     The first sentence consists of conclusions of law, not allegations of fact to which a response
28 | is required; to the extent a response is deemed required, deny. Deny the second sentence. The first clause

*SurvJustice, Inc. v. DeVos*, No. 18-cv-0535-JSC, Answer to Third Amended Complaint
3

of the third sentence consists of Plaintiffs' characterization of the 2017 Guidance, to which a response is not required; to the extent a response is deemed required, deny except to respectfully refer the Court to the 2017 Guidance for a full and accurate statement of its contents. Defendants lack information sufficient to admit or deny the allegations of the second clause of the third sentence. Deny the fourth sentence.

35. Defendants lack information sufficient to admit or deny whether VRLC has elected to devote time to reviewing and understanding the 2017 Guidance, or whether such a choice has decreased the amount of time available for other activities. Deny the remaining allegations of this paragraph.

36. Deny that ED "implements Title IX through issuing . . . guidance documents," and otherwise admit.

37. Admit the first sentence. The second sentence consists of Plaintiffs' characterization of the action, not allegations of fact to which a response is required.

38. Admit the first sentence. The second sentence consists of Plaintiffs' characterization of the action, not allegations of fact to which a response is required.

39. Admit that sexual harassment is a serious problem in schools and institutions of higher educations across the country. The remainder of this paragraph consists of conclusions of law, not allegations of fact to which a response is required.

40. Admit the first sentence. The second sentence consists of Plaintiff's characterization of the report cited in footnote 3, to which a response is not required; to the extent a response is deemed required, Defendants respectfully refer the Court to that report for a full and accurate statement of its contents. The third sentence consists of Plaintiffs' characterization of the report cited in footnote 4, not allegations of fact to which a response is required; to the extent a response is deemed required, deny except to admit that the quoted language appears in the report and respectfully refer the Court to the report for a full and accurate statement of its contents.

41. As to the first sentence, admit that students of all ages face sexual harassment, including sexual assault; Defendants otherwise lack knowledge or information sufficient to admit or deny the allegations of this sentence. The second sentence consists of Plaintiffs' characterization of the survey cited in footnote 5, to which a response is not required; to the extent a response is deemed required, deny and respectfully refer the Court to the survey for a full and accurate statement of its contents. As to the third

sentence, deny except to admit that the quoted language appears in the survey cited in footnote 6 and respectfully refer the Court to the survey for a full and accurate statement of its contents. The fourth sentence consists of Plaintiff's characterization of the article cited in footnote 7, to which a response is not required; to the extent a response is deemed required, deny except to respectfully refer the Court to the article for a full and accurate statement of its contents

42.     Admit the first sentence. As to the second sentence, deny except to admit that the quoted language appears in the material cited in footnote 8 and respectfully refer the Court to the material cited in footnote 8 for a full and accurate statement of its contents. The third sentence consists of Plaintiffs' characterization of the source cited in footnote 9, to which a response is not required; to the extent a response is deemed required, deny except to respectfully refer the Court to that source for a full and accurate statement of its contents.

43.     Admit the first sentence. The second sentence consists of Plaintiffs' characterization of the study cited in footnote 10, to which a response is not required; to the extent a response is deemed required, deny except to respectfully refer the Court to that study for a full and accurate statement of its contents.

44.     Admit.

45.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the legal authorities cited in this paragraph for a full and accurate statement of their contents.

46.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the legal authorities cited in footnote 11 for a full and accurate statement of their contents.

47.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the legal authority cited in this paragraph for a full and accurate statement of its contents.

48.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the legal authority cited in this paragraph for a full and accurate statement of its contents.

49.     This paragraph consists of conclusions of law, not allegations of fact to which a response

1  is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the

2  legal authority cited in this paragraph for a full and accurate statement of its contents.

3       50.    This paragraph consists of conclusions of law, not allegations of fact to which a response

4  is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the

5  legal authority cited in this paragraph for a full and accurate statement of its contents.

6       51.    This paragraph consists of conclusions of law, not allegations of fact to which a response

7  is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the

8  legal authority cited in this paragraph for a full and accurate statement of its contents.

9       52.    The first sentence consists of conclusions of law, not allegations of fact to which a response

10  is required. To the extent a response is deemed required, deny except to respectfully refer the Court to the

11  legal authority cited in this paragraph for a full and accurate statement of its contents. Deny the second

12  sentence.

13       53.    Deny except to admit that ED's Assurance of Compliance—Civil Rights Certificate

14  contains the quoted language and respectfully refer the Court to the Assurance of Compliance for a full

15  and accurate statement of its contents.

16       54.    The first sentence consists of Plaintiffs' characterization of the document cited in footnote

17  15, to which a response is not required; to the extent a response is deemed required, deny except to

18  respectfully refer the Court to that document for a full and accurate statement of its contents. As to the

19  second sentence, deny except to admit that the document cited in footnote 16 contains the quoted language

20  and respectfully refer the Court to that document for a full and accurate statement of its contents. As to

21  the third sentence, deny except to admit that the document cited in footnote 17 contains the quoted

22  language and respectfully refer the Court to that document for a full and accurate statement of its contents.

23  The fourth sentence consists of conclusions of law, not allegations of fact to which a response is required;

24  to the extent a response is deemed required, admit. The fifth sentence consists of Plaintiffs'

25  characterization of the authorities cited in footnotes 19 and 20, to which a response is not required; to the

26  extent a response is deemed required, deny except to admit that the cited authorities include the quoted

27  text and respectfully refer the Court to those authorities for a full and accurate statement of their contents.

28  The sixth sentence consists of conclusions of law, not allegations of fact to which a response is required;

1   to the extent a response is deemed required, deny except to respectfully refer the Court to the authorities

2   cited in the preceding sentence for a full and accurate statement of their contents.

3        55.    As to the first sentence, deny except to admit that ED has issued a series of guidance

4   documents that inform recipients of the obligations imposed by Title IX and its implementing regulations.

5   The second sentence consists of Plaintiffs' characterization of the press release cited in footnote 21, to

6   which a response is not required; to the extent a response is deemed required, deny except to admit that

7   the press release contains the quoted language and respectfully refer the Court to the press release for a

8   full and accurate statement of its contents. The third sentence consists of conclusions of law, not

9   allegations of fact to which a response is required; to the extent a response is deemed required, deny. As

10  to the fourth sentence, deny except to admit that the press release cited in footnote 22 contains the quoted

11  language and respectfully refer the Court to the press release for a full and accurate statement of its

12  contents.

13       56.    As to the first sentence, deny except to admit that in 1997, ED published a guidance

14  document addressing educational institutions' obligations to address sexual harassment, admit that the

15  1997 Guidance contains the quoted language, and respectfully refer the Court to the 1997 Guidance for a

16  full and accurate statement of its contents. The second sentence consists of Plaintiffs' characterization of

17  the 1997 Guidance, to which a response is not required; to the extent a response is deemed required,

18  Defendants respectfully refer the Court to the 1997 Guidance for a full and accurate statement of its

19  contents.

20       57.    Deny except to admit that the 1997 Guidance contains the quoted language and respectfully

21  refer the Court to the 1997 Guidance for a full and accurate statement of its contents.

22       58.    Deny except to admit that the 1997 Guidance contains the quoted language and respectfully

23  refer the Court to the 1997 Guidance for a full and accurate statement of its contents.

24       59.    Deny except to admit that the 1997 Guidance contains the quoted language and respectfully

25  refer the Court to the 1997 Guidance for a full and accurate statement of its contents.

26       60.    Deny except to admit that the 1997 Guidance contains the quoted language and respectfully

27  refer the Court to the 1997 Guidance for a full and accurate statement of its contents.

28       61.    Deny except to admit that the 1997 Guidance contains the quoted language and respectfully

*SurvJustice, Inc. v. DeVos*, No. 18-cv-0535-JSC, Answer to Third Amended Complaint

refer the Court to the 1997 Guidance for a full and accurate statement of its contents.

62.     Deny except to admit that the 1997 Guidance contains the quoted language and respectfully refer the Court to the 1997 Guidance for a full and accurate statement of its contents.

63.     Admit.

64.     Deny except to admit that the 2001 Guidance contains the quoted language and respectfully refer the Court to the 2001 Guidance for a full and accurate statement of its contents.

65.     Deny except to admit that the 2001 Guidance contains the quoted language and respectfully refer the Court to the 2001 Guidance for a full and accurate statement of its contents.

66.     Deny except to admit that the 2001 Guidance contains the quoted language and respectfully refer the Court to the 2001 Guidance for a full and accurate statement of its contents.

67.     Deny except to admit that the 2001 Guidance contains the quoted language and respectfully refer the Court to the 2001 Guidance for a full and accurate statement of its contents.

68.     Deny except to admit that the 2001 Guidance contains the quoted language and respectfully refer the Court to the 2001 Guidance for a full and accurate statement of its contents.

69.     Deny except to admit that the 2001 Guidance contains the quoted language and respectfully refer the Court to the 2001 Guidance for a full and accurate statement of its contents.

70.     Deny except to admit that the 2001 Guidance contains the quoted language and respectfully refer the Court to the 2001 Guidance for a full and accurate statement of its contents.

71.     Deny except to respectfully refer the Court to the 2001 Guidance for a full and accurate statement of its contents.

72.     Deny except to admit that the 2001 Guidance contains the quoted language and respectfully refer the Court to the 2001 Guidance for a full and accurate statement of its contents.

73.     Admit.

74.     Admit.

75.     Deny except to admit that the 2011 Dear Colleague Letter contains the quoted language and respectfully refer the Court to the 2011 Dear Colleague Letter for a full and accurate statement of its contents.

76.     Deny except to respectfully refer the Court to the 2001 Guidance and the 2011 Dear

Colleague Letter for a full and accurate statement of their contents.

77.     Deny except to respectfully refer the Court to the 2001 Guidance and the 2011 Dear Colleague Letter for a full and accurate statement of their contents.

78.     Deny except to admit that the 2011 Dear Colleague Letter contains the quoted language and respectfully refer the Court to the 2011 Dear Colleague Letter for a full and accurate statement of its contents.

79.     Deny except to respectfully refer the Court to the 2001 Guidance and the 2011 Dear Colleague Letter for a full and accurate statement of their contents.

80.     Deny except to admit that the 2011 Dear Colleague Letter contains the quoted language and respectfully refer the Court to the 2011 Dear Colleague Letter for a full and accurate statement of its contents.

81.     Deny except to respectfully refer the Court to the 2001 Guidance and the 2011 Dear Colleague Letter for a full and accurate statement of their contents.

82.     Deny except to respectfully refer the Court to the 2014 Questions and Answers Document for a full and accurate statement of its contents.

83.     Deny except to admit that the 2014 Questions and Answers document contains the quoted language and respectfully refer the Court to the 2001 Guidance and the 2014 Question and Answers Document for a full and accurate statement of their contents.

84.     Deny except to admit that the 2014 Questions and Answers document contains the quoted language and respectfully refer the Court to the 2014 Questions and Answers document for a full and accurate statement of its contents.

85.     Deny except to respectfully refer the Court to the 2011 Dear Colleague Letter and the 2014 Questions and Answers document for a full and accurate statement of their contents.

86.     Admit.

87.     Deny the first and second sentences. As to third sentence, admit that there is an inaccurate stereotyped view that women and girls tend to lie about or misunderstand sexual assault and harassment; Defendants lack knowledge or information sufficient to admit or deny Plaintiffs' characterization of this view as longstanding. The fourth sentence consists of Plaintiffs' characterization of the article cited in

1  footnote 24, to which a response is not required; to the extent a response is deemed required, Defendants

2  respectfully refer the Court to that article for a full and accurate statement of its contents. Deny the fifth

3  sentence.

4        88.    Deny the first sentence. As to the second sentence, deny except to admit that the book cited

5  in footnote 25 contains the quoted language and respectfully refer the Court to that book for a full and

6  accurate statement of its contents.

7        89.    Deny except to admit that the book cited in footnote 26 contains the quoted language and

8  respectfully refer the Court to the book for a full and accurate statement of its contents.

9        90.    As to the first sentence, deny except to admit that the social media posts referenced in the

10  article cited in footnote 27 contain the quoted language and were published in October 2016, six months

11  before Ms. Jackson joined ED. As to the second sentence, admit that the posts were made approximately

12  a week following public release of a videotape by the *Washington Post*, *see Trump Recorded Having*

13  *Extremely Lewd Conversation About Women in 2005*, https://www.washingtonpost.com/politics/trump-

14  recorded-having-extremely-lewd-conversation-about-women-in-2005/2016/10/07/3b9ce776-8cb4-11e6-

15  bf8a-3d26847eeed4_story.html?utm_term=.b5005ee10d92, to which Defendants respectfully refer the

16  Court for a full and accurate statement of its contents.

17        91.    As to the first sentence, admit only that Secretary DeVos has made contributions to the

18  Foundation for Individual Rights in Education; Defendants lack knowledge or information sufficient to

19  admit or deny the remaining allegations. As to the second sentence, deny except to admit that the article

20  cited in footnote 29 contains the quoted language and respectfully refer the Court to that article for a full

21  and accurate statement of its contents. As to the third sentence, admit that FIRE has previously sponsored

22  litigation against the Department that argued against the use of the preponderance of the evidence

23  standard; Defendants lack knowledge or information sufficient to admit or deny the remaining allegations

24  of this sentence.

25        92.    Deny.

26        93.    As to the first sentence, deny except to admit that Secretary DeVos has met with a wide

27  spectrum of stakeholders concerning Title IX, including persons contending that the Department had

28  previously shown insufficient concern for the rights of those accused of sexual assault. As to the second

1    sentence, admit that these meetings included a meeting with Earl Ehrhart, a former member of the Georgia

2    House of Representatives; Defendants lack knowledge or information sufficient to admit or deny the

3    remaining allegations of this sentence. As to the third sentence, admit that Representative Ehrhart has

4    advocated for state legislation that would require colleges to refer all reports of sexual assault to the police;

5    Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of this

6    sentence. As to the fourth sentence, Defendants admit only that the quoted language appears in the letter

7    cited in footnote 31 but otherwise lack information sufficient to admit or deny the truth of this allegation.

8    As to the fifth sentence, admit only that Secretary DeVos met with the National Coalition for Men

9    Carolinas in the summer of 2017 and that the article cited in footnote 32 contains the quoted text;

10   Defendants otherwise lack information sufficient to admit or deny the truth of this allegation. As to the

11   sixth sentence, admit that the article cited in footnote 33 contains the quoted text; Defendants otherwise

12   lack information sufficient to admit or deny the truth of this allegation.

13          94.     As to the first sentence, deny except to admit that Ms. Jackson met with a wide spectrum

14   of stakeholders concerning Title IX, including individuals and groups contending that the Department had

15   previously shown insufficient concern for the rights of those accused of sexual assault. Admit the second

16   sentence. The third sentence consists of Plaintiffs' characterization of the web page cited in footnote 34,

17   to which a response is not required; to the extent a response is deemed required, Defendants respectfully

18   refer the Court to that web page for a full and accurate statement of its contents.

19          95.     Admit the first sentence. As to the second sentence, admit that the quoted language appears

20   in the authorities cited in footnotes 35 and 36, to which Defendants respectfully refer the Court for a full

21   and accurate statement of their contents; Defendants otherwise lack information sufficient to admit or

22   deny the truth of this sentence. As to the third sentence, admit that the quoted language appears in an e-

23   mail from Mr. Finley to Ms. Jackson.

24          96.     As to the first sentence, deny except to admit that Ms. Jackson corresponded by e-mail with

25   Cynthia Garrett and others at Families Advocating for Campus Equality regarding Title IX issues. As to

26   the second sentence, admit that the quoted language appears in the web page cited in footnote 37, to which

27   Defendants respectfully refer the Court for a full and accurate statement of its contents; Defendants

28   otherwise lack knowledge or information sufficient to admit or deny this allegation. As to the third

*SurvJustice, Inc. v. DeVos*, No. 18-cv-0535-JSC, Answer to Third Amended Complaint

sentence, admit that the quoted language appears in the article cited in footnote 38, to which Defendants respectfully refer the Court for a full and accurate statement of its contents.

97.    Admit.

98.    As to the first sentence, deny except to admit that the Department met with certain organizations advocating for protections for survivors. The second sentence consists of Plaintiffs' characterization of the letter cited in footnote 39, to which a response is not required; to the extent a response is deemed required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents. Deny the third sentence.

99.    Deny the first sentence. As to the second sentence, deny insofar as the actual title of the book is *Unwanted Advances: Sexual Paranoia Comes to Campus*, by Laura Kipnis, but admit that the quoted language appears in an email from Ms. Jackson, to which Defendants respectfully refer the Court for a full and accurate statement of its contents. As to the third sentence, deny except to admit OCR's Confidential Assistant sent certain colleagues an e-mail attaching a summary of the book and containing the quoted language. As to the fourth sentence, admit that the attached summary included the statements quoted in this sentence.

100.    The portion of the sentence preceding the first comma consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit. Deny the remainder of the sentence.

101.    As to the first sentence, deny except to admit that Ms. Jackson was quoted in a July 2017 article in the *New York Times*. As to the second sentence, deny except to admit that the article cited in footnote 40 contains the quoted language and respectfully refer the Court to that article for a full and accurate statement of its contents.

102.    Admit the first sentence. The second and third sentences consist of Plaintiffs' characterization of the speech cited in footnote 41, to which a response is not required; to the extent a response is deemed required, deny except to respectfully refer the Court to the speech for a full and accurate statement of its contents. Deny the fourth and fifth sentences.

103.    The first and second sentences consist of Plaintiffs' characterization of the speech cited in footnote 42, to which a response is not required; to the extent a response is deemed required, deny except

to refer the Court to the speech for a full and accurate statement of its contents. The third sentence consists of Plaintiffs' characterization of the article cited in footnote 43, to which a response is not required; to the extent a response is deemed required, Defendants respectfully refer the Court to the article for a full and accurate statement of its contents.

104.    This paragraph consists of Plaintiffs' characterization of the speech cited in footnote 44, to which a response is not required; to the extent a response is deemed required, deny except to respectfully refer the Court to the speech for a full and accurate statement of its contents.

105.    The first sentence consists of Plaintiffs' characterization of the speech cited in footnote 45, to which a response is not required; to the extent a response is deemed required, deny except to respectfully refer the Court to the speech for a full and accurate statement of its contents. Deny the second sentence.

106.    Deny.

107.    Deny the first sentence. As to the second sentence, deny except to admit that Adam Kissel previously served as Deputy Assistant Secretary for Higher Education Programs; Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of this sentence. Defendants lack knowledge or information sufficient to admit or deny the third and fourth sentences.

108.    Deny the first and second sentences. As to the third and fourth sentences, deny except to admit that the quoted language appears in the article cited in footnote 46 and respectfully refer the Court to that article for a full and accurate statement of its contents.

109.    This paragraph consists of Plaintiff's characterizations of the *Washington Post* article referred to (without citation) in paragraph 90 and the article cited in footnote 47, to which a response is not required; to the extent a response is deemed required, deny except to respectfully refer the Court to these two articles for a full and accurate statement of their contents.

110.    This paragraph consists of Plaintiffs' characterization of the article cited in footnote 48, to which a response is not required; to the extent a response is deemed required, deny except to respectfully refer the Court to the article for a full and accurate statement of its contents.

111.    Deny the first sentence. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

112.    This paragraph consists of Plaintiffs' characterization of the Twitter post cited in footnote

1    50, to which a response is not required; to the extent a response is deemed required, Defendants

2    respectfully refer the Court to the post for a full and accurate statement of its contents.

3        113.    Defendants lack knowledge or information sufficient to admit or deny the allegations of

4    this paragraph, other than to respectfully refer the Court to the article cited in footnote 51 for a full and

5    accurate statement of its contents.

6        114.    This paragraph consists of Plaintiffs' characterization of the Twitter post cited in footnote

7    52, to which a response is not required; to the extent a response is deemed required, Defendants

8    respectfully refer the Court to the post for a full and accurate statement of its contents.

9        115.    This paragraph consists of Plaintiffs' characterization of the article cited in footnote 53, to

10   which a response is not required; to the extent a response is deemed required, Defendants respectfully

11   refer the Court to the article for a full and accurate statement of its contents.

12       116.    Deny.

13       117.    Deny.

14       118.    The first and second sentences consist of Plaintiff's characterization of the 2017 Dear

15   Colleague Letter, to which a response is not required; to the extent a response is deemed required,

16   Defendants respectfully refer the Court to the 2017 Dear Colleague Letter for a full and accurate statement

17   of its contents. The third and fourth sentences represent conclusions of law, not allegations of fact to which

18   a response is required; to the extent a response is deemed required, denied.

19       119.    This paragraph consists of Plaintiffs' characterization of the 2017 Guidance, the 2011 Dear

20   Colleague Letter, and the 2014 Questions and Answers document, not allegations of fact to which a

21   response is required; to the extent a response is deemed required, deny except to respectfully refer the

22   Court to those materials for a full and accurate statement of their contents.

23       120.    This paragraph consists of Plaintiffs' characterization of the 2017 Guidance, not allegations

24   of fact to which a response is required; to the extent a response is deemed required, deny except to

25   respectfully refer the Court to the 2017 Guidance for a full and accurate statement of its contents.

26       121.    The first sentence consists of conclusions of law, not allegations of fact to which a response

27   is required; to the extent a response is deemed required, denied. The second sentence consists of Plaintiffs'

28   characterization of the 2001 Guidance and the 2017 Guidance, to which a response is not required; to the

1  extent a response is deemed required, deny except to respectfully refer the Court to the 2001 Guidance

2  and the 2017 Guidance for a full and accurate statement of their contents.

3      122.    This paragraph consists of conclusions of law, not allegations of fact to which a response

4  is required. To the extent a response is deemed required, denied.

5      123.    This paragraph consists of conclusions of law, not allegations of fact to which a response

6  is required. To the extent a response is deemed required, denied.

7      124.    The first sentence consists of conclusions of law, not allegations of fact to which a response

8  is required; to the extent a response is deemed required, denied. As to the second sentence, deny except to

9  admit that the 2017 Dear Colleague Letter contains the quoted language and respectfully refer the Court

10  to the 2017 Dear Colleague Letter for a full and accurate statement of its contents. The third and fourth

11  sentences consist of conclusions of law, not allegations of fact to which a response is required; to the

12  extent a response is deemed required, denied.

13      125.    The first sentence consists of Plaintiffs' characterization of the 2011 and 2014 Guidance

14  documents, to which a response is not required; to the extent a response is deemed required, deny except

15  to respectfully refer the Court to the Guidance documents for a full and accurate statement of their

16  contents. Defendants lack knowledge or information sufficient to admit or deny the second sentence. The

17  third sentence consists of Plaintiffs' characterization of the 2017 Guidance, to which a response is not

18  required; to the extent a response is deemed required, deny except to respectfully refer the Court to the

19  document for a full and accurate statement of its contents. The fourth sentence consists of Plaintiffs'

20  characterization of the 2011 and 2014 Guidance documents, to which a response is not required; to the

21  extent a response is deemed required, deny except to respectfully refer the Court to the documents for a

22  full and accurate statement of their contents. The fifth sentence consists of Plaintiffs' characterization of

23  the 2017 Guidance, to which a response is not required; to the extent a response is deemed required, deny

24  except to respectfully refer the Court to the document for a full and accurate statement of its contents.

25      126.    Deny.

26      127.    Deny.

27      128.    Defendants lack knowledge or information sufficient to admit or deny the first sentence.

28  As to the second sentence, deny except to admit that the quoted language appears in the document cited

*SurvJustice, Inc. v. DeVos*, No. 18-cv-0535-JSC, Answer to Third Amended Complaint

15

1   in footnote 57 and respectfully refer the Court to that document for a full and accurate statement of its
2   contents. As to the third sentence, deny except to admit that the quoted language appears in the document
3   cited in footnote 58 and respectfully refer the Court to that document for a full and accurate statement of
4   its contents. As to the fourth sentence, deny except to admit that the quoted language appears in the
5   document cited in footnote 59 and respectfully refer the Court to that document for a full and accurate
6   statement of its contents. As to the fifth sentence, deny except to admit that the quoted language appears
7   in the document cited in footnote 60 and respectfully refer the Court to that document for a full and
8   accurate statement of its contents. As to the sixth sentence, deny except to admit that the quoted language
9   appears in the document cited in footnote 61 and respectfully refer the Court to that document for a full
10  and accurate statement of its contents. The seventh, eighth, and ninth sentences consist of Plaintiff's
11  characterization of the articles cited in footnotes 62 and 63, to which a response is not required; to the
12  extent a response is deemed required, Defendants respectfully refer the Court to those articles for a full
13  and accurate statement of their contents and otherwise lack knowledge or information sufficient to admit
14  or deny the allegations.

15          129.    Defendants lack knowledge or information sufficient to admit or deny the allegations of
16  this paragraph, other than to respectfully refer the Court to the materials cited in footnote 64 for a full and
17  accurate statement of their contents.

18          130.    As to the first sentence, deny except to admit that the 2017 Title IX Guidance has informed
19  how ED exercises its authority under Title IX and its implementing regulations. The second sentence
20  consists of Plaintiffs' characterization of the Letter of Findings cited in footnote 65, to which a response
21  is not required; to the extent a response is deemed required, deny except to respectfully refer the Court to
22  that Letter of Findings for a full and accurate statement of its contents. As to the third sentence, deny
23  except to admit that the quoted language appears in the article cited in footnote 66 and respectfully refer
24  the Court to that article for a full and accurate statement of its contents. The fourth sentence consists of
25  Plaintiffs' characterization of the Letters of Finding cited in footnote 67, to which a response is not
26  required; to the extent a response is deemed required, deny except to respectfully refer the Court to those
27  letters of finding for a full and accurate statement their contents.

28          131.    Defendants lack knowledge or information sufficient to admit or deny the allegations of

this paragraph.

132.    Deny.

133.    Deny the first sentence. Defendants lack knowledge or information sufficient to admit or deny the allegations of the second sentence. Deny the third and fourth sentences.

134.    Defendants lack information sufficient to admit or deny whether Plaintiffs have elected to devote time to educating survivors and educational institutions about Title IX following the release of the 2017 Guidance, or whether such a choice has decreased the amount of time available for other activities. Deny the remaining allegations of this paragraph.

135.    Defendants incorporate herein their answers to the foregoing paragraphs.

136.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Administrative Procedure Act for a full and accurate statement of its contents.

137.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

138.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

139.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

140.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

141.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

142.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

143.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, denied.

The remainder of the complaint consists of a demand for relief, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are

entitled to the relief requested, or any relief whatsoever.

Defendants hereby deny all allegations in the Third Amended Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.      The Court lacks subject matter jurisdiction.

2.      Plaintiffs fail to state a claim on which relief may be granted.

THEREFORE, having fully answered, Defendants assert that Plaintiffs are not entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice and Defendants be given such other relief as the Court deems just and proper.

Dated: June 3, 2019                          Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director
Civil Division

/s/ *Steven A. Myers*
STEVEN A. MYERS
(NY Bar # 4823043)
BENJAMIN T. TAKEMOTO
(CA Bar # 308075)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-8648
Fax: (202) 616-8470
E-mail: steven.a.myers@usdoj.gov

*Attorneys for Defendants*